08-3141-cr, 08-3813-cr (con), 08-5636-cr(con)
United States v. Abdur-Razzaaq (Shepherd)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand and ten.

PRESENT: PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges,*
DENNY CHIN,[*]
*District Judge.*

------------------------------------------------------------------x

UNITED STATES OF AMERICA,

*Appellee,*

-v.-

UMAR ABDUR-RAZZAAQ, a.k.a OOH, ISMAIL ABDUR-RAZZAAQ, a.k.a. ISH, and BENONI BRYANT, a.k.a. FACE,

*Defendants,*

PABLO LOPEZ, a.k.a. POP, GUILLERMO PAYANO, a.k.a. WILL CRUZ, a.k.a WILFREDO SANCHEZ, a.k.a P., and DARNELL SHEPHERD, a.k.a Cuz,

*Defendants-Appellants.*

------------------------------------------------------------------x

Nos. 08-3141-cr(L), 08-3813-cr(con), 08-5636-cr(con)

---

[*] Judge Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

COUNSEL FOR APPELLANT:            JOHN L. PERTICONE, Levene Gouldin & Thompson,
                                  LLP, Vestal, NY
                                              *for Darnell Shepherd*.

COUNSEL FOR APPELLEE:             BRENDA K. SANNES, Assistant United States
                                  Attorney (Miroslav Lovric, Assistant United States
                                  Attorney, *on the brief*), Syracuse, NY
                                              *for* Andrew T. Baxter, United States
                                              Attorney, Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*). **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Darnell Shepherd ("Shepherd") appeals from a judgment of conviction entered in the United States District Court for the Northern District of New York on November 14, 2008. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

## I.      Sufficiency of the Evidence – Whether the Conviction Was Time Barred

Shepherd argues that his motion for a judgment of acquittal should have been granted. He contends that there was insufficient evidence to convict him because he withdrew from the conspiracies by September 13, 2001, more than five years before he was indicted. This Court:

> review[s] the grant or denial of a judgment of acquittal under Rule 29 *de novo*. We may properly affirm a judgment of acquittal under Rule 29 only if we conclude, considering all of the evidence, direct and circumstantial, that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We must reverse a district court's postconviction Rule 29 judgment of acquittal if, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (internal quotation marks and citations omitted). Thus, "[a] defendant who challenges the sufficiency of the evidence to support his

conviction 'bears a heavy burden.'" *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (quoting *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001)).

We have explained that "where the government has shown that a conspiracy existed and that a given defendant was a member of it, his membership is presumed to continue until the last overt act by any of the coconspirators, unless the defendant proves that the conspiracy was terminated or that he took affirmative steps to withdraw." *United States v. Flaharty*, 295 F.3d 182, 192 (2d Cir. 2002). Shepherd does not deny the existence of a conspiracy but instead admits "that he was a member of the narcotics and RICO conspiracy from the time of his arrival in Ithaca, New York during the summer of 1998." Shepherd contends that he "communicated his unequivocal withdrawal from the conspiracies to [their] leader, Guillermo Payano and others including at least Ismail Razzaaq" around May 25, 2000, one day after Payano murdered Shepherd's friend Alexander Miller.

In *United States v. Berger*, this Court agreed with the Third Circuit that:

(1) resignation from the enterprise does not, in and of itself, constitute withdrawal from a conspiracy as a matter of law; (2) total severing of ties with the enterprise may constitute withdrawal from the conspiracy; however (3) even if the defendant completely severs his or her ties with the enterprise, the defendant still may remain a part of the conspiracy if he or she continues to do acts in furtherance of the conspiracy and continues to receive benefits from the conspiracy's operations.

224 F.3d 107, 119 (2d Cir. 2000) (quoting *United States v. Antar*, 53 F.3d 568, 583 (3d Cir. 1995)). The evidence here was sufficient to allow a reasonable jury to find that Shepherd continued to participate in the conspiracy after his claimed withdrawal from it in May 2000. For example, there was testimony that Shepherd supplied the Razzaaqs with heroin and marijuana after that date. When Shepherd was arrested on a drug charge in May 2001, Shepherd expressed to both Umar Razzaaq and Benoni Bryant that he wanted to be released before the police tried to

3

bring him to Ithaca to be charged with the March 2001 shooting, and Umar Razzaaq provided Shepherd with bail money. Further, Shepherd accepted drug proceeds from Ismail Razzaaq in 2001.

Shepherd also contends that the evidence was "plentiful" that the conspiracy terminated more than five years before he was indicted. Even if this were true, a reasonable jury could have found based on other evidence that the conspiracy continued past September 2001. For example, subsequent to that time, the Razzaaqs, via the Lopez brothers, continued to obtain cocaine from Payano and his "uncles" in New York City. Further, after a drug seizure, Payano asked Ismail Razzaaq to pick up a Mercedes Benz in which there were drugs that had not yet been seized. Shepherd's challenges to the sufficiency of the evidence fail based upon the evidence before the jury.

## II.      The Instruction Regarding the Conspiracy Time Bar Jury Charge

Shepherd challenges the instruction regarding the time bar applicable to the conspiracy charge. He argues that, under current case law, the government had to "prove beyond a reasonable doubt that the conspiracy extended into the period not barred by the statute" and that "[t]he lower [c]ourt's erroneous charge shifting the burden of proof to the defense violated the Due Process Clause of the United States Constitution and mandates a new trial."

We review *de novo* a claim of error in jury instructions to which an objection was entered. *See United States v. White*, 552 F.3d 240, 246 (2d Cir. 2009). "To secure reversal based on a flawed jury instruction, a defendant must demonstrate both error and ensuing prejudice. Although we review *de novo* a claim of error in jury instructions, including a claim that the district court improperly declined to instruct the jury regarding an affirmative defense, we will

4

reverse only where the charge, viewed as a whole, either failed to inform the jury adequately of the law or misled the jury about the correct legal rule." *Id.* (internal quotation marks and citations omitted).

Shepherd states that he is not "claiming that the 'presumption of continuity' is unconstitutional. The claim is that the presumption cannot remove the government's ultimate burden to prove beyond a reasonable doubt that the conspiracy extended into a period not barred by the statute of limitations." The district court's charge, however, properly instructed the jury that "[t]he government satisfies the requirements of the statute of limitations for the charged conspiracies if it alleges and proves beyond a reasonable doubt that the conspiracy continued into the limitations period." Having thus instructed the jury, the district court went on to state:

> A conspiracy is deemed to have continued as long as the purposes of the conspiracy have neither been abandoned nor accomplished and the defendant has not made an affirmative showing that the conspiracy has terminated. A defendant can overcome this presumption of continued participation only by showing that he affirmatively withdrew from the conspiracy or that the final act in furtherance of the conspiracy has occurred. Stated otherwise, once the government has satisfied its burden regarding the existence of the conspiracy, the defendant must prove either, one, that the objectives of the conspiracy were accomplished or abandoned prior to September 13, 2001; or two, that he abandoned the conspiracy prior to that date.

It is this latter instruction which Shepherd claims improperly shifted the burden of proof, as he contends that the presumption of continuance "imposes on the defense a burden of production, not a burden of proof." Our case law is to the contrary. We have made clear that once the government has introduced evidence that would meet this requirement the burden is on the defendant to show that the conspiracy had terminated earlier in time. *See Flaharty*, 295 F.3d at 192; *Eppolito*, 543 F.3d at 49 ("Where the government has presented sufficient evidence to show a conspiracy that has continuing purposes or goals, the burden is on the defendant to prove that

5

the conspiracy was terminated or that he took affirmative steps to withdraw."); *United States v. Spero*, 331 F.3d 57, 60-61 (2d Cir. 2003) (once the government has shown that a conspiracy existed and that defendant was a member of it, the burden falls upon the defendant to prove that the conspiracy was terminated).  The district court's instruction was not in error.

Shepherd attempts to distinguish *Spero* on the grounds that the defendant there did not assert termination at trial and introduced no evidence of termination, and he argues that *Spero* did not address the placement of the burden of proof.  *See Spero*, 331 F.3d at 60-61.  But Shepherd reads *Spero* backwards, confusing the issue passed upon with the issue decided.  The issue *not* reached in *Spero* was waiver; this Court expressly found it unnecessary to consider whether Spero had properly raised his statute of limitations argument in the district court because it found that he had "failed to rebut the presumption that the . . . conspiracy . . . continued past [the start of the limitations period]."  *Id.* at 60 & n.2.  The Court stated: "Spero . . . had to *prove* either (1) that the objectives of the conspiracy were accomplished prior to [the start of the limitations period] *or* (2) that he abandoned the conspiracy prior to that date."  *Id.* at 61 (first emphasis added, second emphasis in original).  Although the Court then stated that "Spero needed to *present* evidence from which the jury could have found that the goals of the conspiracy were accomplished in some final manner," it then proceeded to weigh the evidence in the record before concluding that termination was not proven.  *Id.* (emphasis added).  The Court's decision to ignore possible waiver and decide the case based on Spero's failure to rebut the presumption means that the Court necessarily reached a holding with respect to burden of proof, and its weighing of the evidence means that it necessarily imposed a burden of persuasion, not merely a burden of production.

**III.    Evidence of Post-Conspiracy Actions**

Shepherd also argues that the court erroneously admitted evidence of Shepherd's acts that occurred three to five years after the conspiracy had ended.  Evidentiary rulings are reviewed for abuse of discretion.  *See United States v. Brady*, 26 F.3d 282, 286 (2d Cir. 1994).  The evidence of Shepherd's interactions with co-conspirators and his request for a weapon to use on a former drug rival after his release from prison was relevant to counter Shepherd's claim that he had withdrawn from the conspiracies.  *Cf. Lutwak v. United States,* 344 U.S. 604, 617 (1953) (noting post-conspiracy acts may be admissible).  Further, Shepherd's later activities did not involve conduct any more sensational or disturbing than the crimes with which Shepherd was charged.  *See United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992).  The district court did not abuse its discretion in admitting the evidence in question.

For the foregoing reasons, the judgment of conviction is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7